# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA,

    Plaintiff(s),

v.

SUNSET RIDGE LIMITED HOMEOWNERS ASSOCIATION, et al.,

    Defendant(s).

Case No.: 2:16-cv-00797-GMN-NJK

**Order**

    The Court held a settlement conference in this case, Docket No. 73, the requirements for which were spelled out in detail in the order at Docket No. 63. Among other requirements, the Court ordered the attendance of "counsel of record who will be participating in the trial" and, "[i]f the party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with <u>authority to settle this matter up to the full amount of the claim or last demand</u>." Docket No. 63 at 1-2 (emphasis in original). The HOA violated both of these provisions of the Court's order.

    First, the Court ordered the attendance of "counsel of record who will be participating in the trial." The HOA's attorneys of record are Joseph Garin, Kaleb Anderson, and Megan Hummel. None of these attorneys appeared on behalf of the HOA. Instead, attorney Eric Tran appeared on behalf of the HOA. Mr. Tran is not attorney of record in this case. Mr. Tran represented that he was "covering" for another attorney, but never filed a request to enable him to do so. *See* Docket No. 63 at 2 (ordering that any request to deviate from the attendance requirements must be

1

presented to the Court through a written motion). Parties must comply with clear orders unless they request relief otherwise and that request is granted by the Court.

Second, it became apparent as the settlement conference progressed that the real party in interest is not the HOA at all, but rather is its insurance carrier. The insurance carrier was not present at the settlement conference, nor was its representative actively participating telephonically. Instead, the Court had allowed the representative to appear telephonically on an as-needed basis because the HOA and its counsel (Ms. Hummel) represented that "undersigned counsel and a representative of the HOA will appear at the settlement conference with full settlement authority." Docket No. 65 at 2. This representation was plainly false. Mr. Tran and the HOA representative were authorized by the insurance company to settle the case for no more than $10,000. Given this case involves a dispute as to real property valued in the hundreds of thousands of dollars, appearing at the settlement conference with authority of $10,000 is quite obviously not "full settlement authority."[1] Had the Court been accurately informed of the circumstances, it would have denied the HOA's motion and required active participation by the insurance carrier.

Although the Court would be within its discretion to impose sanctions, it declines to do so in this instance. The Court reminds counsel that they must comply with the Court's orders. *See* Fed. R. Civ. P. 16(f). The Court also reminds counsel that representations to the Court must have a reasonable factual basis. *See* Fed. R. Civ. P. 11. The Court lastly reminds counsel they must acquire the basic competence and skills to practice law in this venue. *See Dela Rosa v. Scottsdale*

---

[1] Mr. Tran appeared to argue that an insurance company may simply relay to its attorney its valuation of a case and then not appear at a settlement conference. Such a premise is faulty:

> The Court fails to see any reasonable interpretation of the term 'up to the full amount of the claim' to mean a party's own valuation of the claim. By [that] logic, [an attorney] could have appeared at the settlement conference with a representative with *no settlement authority* because Defendant believes strongly that it will prevail on its claims. That obviously defeats the point of having a settlement conference.

*Wilson v. KRD Trucking West*, 2013 WL 836995, at *3 (D. Nev. Mar. 6, 2013) (emphasis in original).

2

*Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).  The Court **CAUTIONS** HOA's counsel that the failure to comply with these obligations in the future may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: August 14, 2018

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge