# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )
                                      )
                 Plaintiff, )       Case No.: 2:16-cv-00797-GMN-NJK
       vs. )
                                       )                     **ORDER**
SUNSET RIDGE LIMITED HOMEOWNERS )
ASSOCIATION, *et al.*, )
                                       )
                Defendants. )
                                                     )

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 58), filed by Bank of America, N.A. ("Plaintiff"). Defendant SFR Investments Pool 1, LLC ("SFR") and Defendant Sunset Ridge Limited Homeowners Association's ("HOA") filed Responses, (ECF Nos. 68, 69), and Plaintiff filed a Reply, (ECF No. 71).

Also pending before the Court is SFR's Motion for Summary Judgment, (ECF No. 59). Plaintiff filed a Response, (ECF No. 67), and SFR filed a Reply, (ECF No. 72).

Also pending before the Court is HOA's Motion for Summary Judgment, (ECF No. 60). Plaintiff filed a Response, (ECF No. 66), and HOA filed a Reply, (ECF No. 70).

Also pending before the Court is Plaintiff's Motion for Leave to File Supplemental Authority, (ECF No. 75). SFR filed a Response, (ECF No. 76), and Plaintiff filed a Reply, (ECF No. 79).[1]

# I.    **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 10108 Glen Aire Avenue, Las Vegas, Nevada 89148 (the "Property"). (*See* Compl. ¶ 5, ECF No. 1); (*See*

---

[1] The Court is aware of the authority cited in Plaintiff's Motion for Leave to File Supplemental Authority, (ECF No. 75). Accordingly, the Court **DENIES** the Motion as moot.

Deed of Trust, Ex. A to Pl.'s Mot. Partial Summ. J. ("MPSJ"), ECF No. 58-1). In 2008, Paul Wyklige and Lin Teng (collectively "Borrowers") purchased the Property by way of a loan in the amount of $242,705.00, secured by a deed of trust (the "DOT"). (*Id.*). Countrywide KB Home Loans, LLC served as the original lender for the DOT, and Mortgage Electronic Registration System, Inc. was the nominee-beneficiary on its behalf. (*Id.*). The DOT was assigned to BAC Home Loans Servicing LP ("BAC") on May 18, 2011. (Assignment, Ex. C to Pl.'s MPSJ, ECF No. 58-3). BAC subsequently merged with Plaintiff. (Merger Certificate, Ex. D to Pl.'s MPSJ, ECF No. 58-4).

Upon the Borrowers' failure to stay current on payment obligations, Assessment Management Services ("AMS") on behalf of HOA, initiated foreclosure proceedings by recording a notice of delinquent assessment lien and a subsequent notice of default and election to sell. (*See* Notice of Delinquent Assessment Lien, Ex. E to Pl.'s MPSJ, ECF No. 58-5); (Notice of Default, Ex. F to Pl.'s MPSJ, ECF No. 58-6).

On September 12, 2011, the law firm Miles, Bauer, Bergstrom & Winters LLP ("Miles Bauer"), on Plaintiff's behalf, sent a letter to HOA and AMS, requesting a ledger with the amount of HOA's superpriority lien. (*See* Request for Accounting, Ex. 1 to Miles Aff., ECF No. 58-8). AMS accordingly responded with a ledger. (*See* Statement of Account, Ex. 2 to Miles Aff., ECF No. 58-8). Miles Bauer, on behalf of Plaintiff, subsequently delivered a check to AMS for $198.00, based on the provided ledger, purportedly representing nine months' worth of HOA assessments. (*See* Tender Letter, Ex. 3 to Miles Aff., ECF No. 58-8).

Nevertheless, AMS proceeded with the foreclosure by recording a notice of foreclosure sale and foreclosing on the Property. (*See* Notice of Foreclosure Sale, Ex. G to Pl.'s MPSJ, ECF No. 58-7). On August 21, 2013, SFR recorded a foreclosure deed, stating it purchased the Property for $18,000. (Foreclosure Deed, Ex. I to Pl.'s MPSJ, ECF No. 58-9).

On April 8, 2016, Plaintiff filed its Complaint including the following claims (1) quiet title and declaratory relief against all defendants; (2) breach of NRS 116.1113 against HOA and AMS; (3) wrongful foreclosure against HOA and AMS; and (4) injunctive relief against SFR. (Compl. ¶¶ 29–78). SFR subsequently filed crossclaims and counterclaims against Plaintiff and Borrowers, respectively, for (1) declaratory relief and quiet title, and (2) injunctive relief. (*See* Answer ¶¶ 39–53, ECF No. 27).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In

contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Plaintiff moves for summary judgment on its declaratory relief claim against SFR asserting that the DOT survived because the foreclosure was conducted pursuant to a facially unconstitutional statute. (Pl.'s MPSJ 6:3–13:9, ECF No. 58). Plaintiff further argues, *inter alia*, that summary judgment is warranted because Plaintiff properly tendered the superpriority portion of HOA's lien prior to the Property's foreclosure sale. (*Id.* 13:10–17:27).

SFR moves for summary judgment on its declaratory and injunctive relief claims against Plaintiff and Borrowers, arguing that *Bourne Valley v. Wells Fargo Bank N.A.*, 832 F.3d 1154, (9th Cir. 2016), has been superseded and was never dispositive. (SFR's MSJ 7:4–10:25, ECF No. 59). SFR further contends that Plaintiff lacks standing to enforce the DOT and therefore its quiet title claim must fail.[2] (SFR's Resp. 7:21–11:7, ECF No. 69).

HOA moves for summary judgment against Plaintiff on its declaratory relief claim arguing that NRS Chapter 116, as interpreted by the Nevada Supreme Court, is constitutional and thus, the foreclosure sale was valid. (HOA's MSJ 6:22–9:17, ECF No. 60). HOA further argues that it is entitled to summary judgment on Plaintiff's claims for breach of NRS 116.1113 and wrongful foreclosure because AMS complied with the notice and recording requirements of NRS Chapter 116 "as it existed at the time of the sale." (*Id.* 10:20–11:25). Lastly, HOA contends that the Miles Bauer check was insufficient to discharge the superpriority lien because

---

[2] SFR also argues that the Court must exclude Plaintiff's exhibits and affidavit purporting to demonstrate evidence of tender (collectively the "Miles Bauer Affidavit") on the following grounds: (1) the exhibits are not properly authenticated; (2) the exhibits' affiant Adam Kendis is without personal knowledge of the attached records; and (3) Plaintiff failed to identify Kendis as a witness in its initial disclosures. (SFR's Resp. 4:12–6:10, ECF No. 69). The Court previously considered and rejected each of these arguments in *Bank of Am., N.A. v. Lake Mead Court Homeowners' Ass'n*, No. 2:16-cv-00504-GMN-NJK, 2019 WL 208864, at *5–7 (D. Nev. Jan. 15, 2019). For the reasons stated therein, SFR's arguments are without merit. Moreover, the Court is satisfied that the contents of the Miles Bauer Affidavit could be provided in admissible form at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.").

the check did not account for fees and costs. (*Id.* 12:1–13:16); (HOA's Resp. 11:8–12:20, ECF No. 68). The Court will address the parties' arguments in turn.

**A. Constitutionality of NRS Chapter 116**

Plaintiff argues that the Ninth Circuit's decision in *Bourne Valley*, renders NRS Chapter 116 void as a violation of due process, thus invalidating the Property's 2013 foreclosure sale under that statutory scheme. (Pl.'s MPSJ 6:3–13:9). In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's notice provisions violated lenders' due process rights because the scheme "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Bourne Valley*, 832 F.3d at 1159. The Ninth Circuit, interpreting Nevada law, declined to embrace the appellant's argument that NRS 107.090, read into NRS 116.31168(1), mandates that HOAs provide notice to lenders even absent a request. *Id.* Accordingly, the absence of mandatory notice provisions rendered the statutory scheme facially unconstitutional. *Id.* at 1158–60.

*Bourne Valley*'s construction of Nevada law is "only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). "[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [a court] should consider itself bound by the later controlling authority . . . ." *Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003). "[A] [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

In *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, the Nevada Supreme Court expressly declined to follow *Bourne Valley* and held that NRS 107.090 is incorporated into NRS 116.31168, thus requiring that HOAs "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." 422 P.3d 1248, 1253 (Nev. 2018) (en banc). As this Court previously explained, the Nevada Supreme Court's holding is clearly irreconcilable with the Ninth Circuit's finding of unconstitutionality because the Ninth Circuit premised its conclusion on NRS Chapter 116's lack of mandatory notice provisions. *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *3 (D. Nev. Dec. 17, 2018). Because the Nevada Supreme Court has since interpreted NRS Chapter 116 as mandating notice, the rationale underlying the *Bourne Valley* decision no longer finds support under Nevada law. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (recognizing that cases are "clearly irreconcilable" where the "relevant court of last resort . . . undercut[s] the theory or reasoning underlying the prior circuit precedent."); *see, e.g*, *Toghill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017).

In sum, *Bourne Valley*'s holding that NRS Chapter 116 is facially unconstitutional is clearly irreconcilable with the Nevada Supreme Court's subsequent pronouncement. Because the Nevada Supreme Court has final say on the meaning of Nevada statutes, *Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality. Accordingly, to the extent Plaintiff, in its instant Motion, seeks to prevail based upon *Bourne Valley*, the Court rejects this theory.

**B. Tender of the Superpriority Portion of HOA's Lien**

Under NRS 116.3116, the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). "[A] first deed of trust holder's

unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). "[T]he superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. In addition to a full tender of the superpriority amount, "valid tender must be unconditional, or with conditions on which the tendering party has a right to insist." *Id.*

Here, the evidence indicates that on September 30, 2012, Miles Bauer, on behalf of Plaintiff, sent a letter to HOA's agent, AMS, alongside a check for $198.00. (*See* Tender Letter, Ex. 3 to Miles Aff., ECF No. 58-8). Plaintiff calculated that amount based on nine months of owed assessments, at $22.00 per month. (*See* Pl.'s MPSJ 14:3–8); (Statement of Account, Ex. 2 to Miles Aff., ECF No. 58-8). An accounting ledger provided by the HOA prior to the Property's foreclosure sale confirms Plaintiff's calculation. (*See* Statement of Account, Ex. 2 to Miles Aff.). Thus, Plaintiff's tender of the $198.00 check to AMS undisputedly satisfied the HOA's outstanding superpriority lien, and AMS received the check before rejecting it. (*See* Tender Letter, Ex. 3 to Miles Aff.); (Confirmation of Receipt, Ex. 4 to Miles Aff., ECF No. 58-8).

SFR and HOA, in turn, have failed to produce competing evidence showing that Plaintiff miscalculated the superpriority lien amount, that the lien included nuisance and abatement charges, or that Plaintiff never delivered the letter and accompanying check. The remaining question, therefore, is whether Plaintiff's tender was either unconditional or with conditions on which Plaintiff had the right to insist.

Plaintiff's Tender Letter, in relevant part, contains the following language:

Our client has authorized us to make payment to you in the amount of $198.00 to satisfy its obligations to the HOA as a holder of the first deed of trust against the property. Thus, enclosed you will find a cashier's check made out to ASSESSMENT MANAGEMENT SERVICES in the sum of $198.00, which represents the maximum 9 months worth of delinquent assessments recoverable

> by an HOA. This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BANA's financial obligations towards the HOA in regards to the real property located at 10108 Glen Aire Avenue have now been "paid in full."

(Tender Letter at 2, Ex. 3 to Miles Aff.)

SFR and HOA (collectively "Defendants") argue that the tender was invalid because the tender letter included impermissible conditions. (*See* SFR's Resp. 15:14–17:7); (HOA's Resp. 12:2–7). Defendants assert that acceptance of the check was improperly contingent upon agreement with the facts as stated in the letter, including Plaintiff's legal interpretation that the check's amount represented payment in full. (SFR's Resp. 16:10–16:22); (HOA's Resp. 12:8–20). Accordingly, Defendants contend that rejection of Plaintiff's payment was made in good faith. (*See* SFR's Resp. 17:8–18:8).

At the outset, the Court notes that one of the purportedly improper paragraphs in the tender letter is identical to the letter the Nevada Supreme Court deemed unconditional and otherwise valid.[3] Therefore, to the extent Defendants assign impropriety to language in that paragraph, the argument necessarily fails. Specifically, with respect to the provision that an endorsement would be construed as acceptance of the letter's facts, the Court incorporates the reasoning of the Nevada Supreme Court and finds this language constitutes a condition on which Plaintiff had the right to insist. *Bank of Am., NA.*, 427 P.3d at 117.

---

[3] The tender letter before the Nevada Supreme Court contained the following paragraph:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [Bank of America]'s financial obligations towards the HOA in regards to the [property] have now been "paid in full."

*Bank of Am., NA.*, 427 P.3d at 118.

Moreover, the Court rejects the argument that AMS rejected the tender in good faith because the tender letter purports to absolve Plaintiff of any future liability it may have to HOA. The Court is in accord with the Nevada Supreme Court that the letter's reference to "facts stated herein," immediately preceding the language about Plaintiff's obligations being "paid in full," can only be reasonably interpreted as applying to the underlying foreclosure proceeding. *Sage Realty LLC Series 2 v. Bank of New York Mellon*, No. 73735, 2018 WL 6617730, at *1 (Nev. Dec. 11, 2018) (unpublished) ("The letter refers to 'the facts stated herein,' which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which BNYM might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust."); *Deutsche Bank Nat'l Tr. Co. v. Premier One Holdings, Inc.*, 431 P.3d 55 (Nev. 2018) (unpublished) (same); *Fiducial, LLC v. Bank of New York Mellon Corp.*, No. 71864, 2018 WL 6617727, at *2 (Nev. Dec. 11, 2018) (same).

HOA also argues that Plaintiff's check for $198.00 was only partial payment because Nevada foreclosure law at the relevant time period was unclear about whether an HOA may include collection costs and attorneys' fees as part of its lien. (HOA's Resp. 11:8–12:20). However, the Nevada Supreme Court has expressly rejected the argument that the "legally unsettled" status of foreclosure law at the time disturbs the unconditional nature of an otherwise valid tender. *See Bank of Am., N.A.*, 427 P.3d at 118 ("[A] plain reading of NRS 116.3116 indicates that at the time of Bank of America's [2012] tender, tender of the superpriority amount by the first deed of trust holder was sufficient to satisfy that portion of the lien. Thus, the issue was not undecided."); *see also BAC Home Loans Servicing, LP v. Aspinwall Court Tr.*, No. 69885, 422 P.3d 709, 2018 WL 3544962, at *1 (Nev. July 20, 2018) (unpublished). In light of this authority, the Court finds that the purported nebulous nature of Nevada law during the relevant time neither impacts Plaintiff's valid tender nor justifies AMS's rejection.

Because Plaintiff's tender satisfied the HOA's superpriority lien, Defendants cannot prevail even if the Court were to find SFR was a bona fide purchaser for value. "A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." *See Bank of Am., N.A.*, 427 P.3d at 121 ("Because a trustee has no power to convey an interest in land securing a note or other obligation that is not in default, a purchaser at a foreclosure sale of that lien does not acquire title to that property interest."). Accordingly, in light of Plaintiff's tender, SFR's status as a bona fide purchaser is immaterial.

Based upon the foregoing, the Court concludes that Plaintiff's tender satisfied HOA's superpriority lien and thus invalidated the ensuing sale to the extent it extinguished Plaintiff's DOT. While the sale remains intact, Plaintiff's DOT continues to encumber the Property and SFR's interest is subject to this encumbrance. Accordingly, Plaintiff's Motion for Partial Summary Judgment, as to its quiet title claim, is granted. The Court denies SFR's Motion with respect to its quiet title claim against Plaintiff.

**C. Standing to Enforce the DOT**

In addition to finding that the DOT continues to encumber the Property, Plaintiff has standing to assert its quiet title claim. That is, SFR argues that Plaintiff does not have standing to enforce the DOT because Plaintiff does not provide proof that the promissory note and DOT were transferred to Plaintiff, and does not provide the original writing or certified copy showing the chain of ownership for the note and DOT. (SFR's Resp. 7:21–11:7).

To the extent SFR argues that Plaintiff lacks standing to enforce the DOT because it has not produced evidence that the promissory note was endorsed in Plaintiff's favor, the Court disagrees. It is well established that an action to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Moreover, Plaintiff provides documentation

showing its chain of title regarding that DOT. (Assignment, Ex. C to Pl.'s MPSJ, ECF No. 58-3) (showing a transfer to "BAC Home Loans Servicing, LP FKA Countrywide Home Loan Servicing, LP); (Merger Certificate, Ex. D to Pl.'s MPSJ, ECF No. 58-4) (showing a merger of BAC Home Loans Servicing with Bank of America, N.A.).

Because SFR does not produce evidence to rebut the chain of title for the DOT in this case, there is no dispute of material fact about Plaintiff's assigned interest here. Plaintiff thus has articulated its chain of title, provided proper documentation, and has standing to pursue its quiet title claim. *See USROF IV Legal Title 2015-1 by U.S. Bank Nat'l Ass'n v. White Lake Ranch Ass'n*, No. 3:15-cv-00477-MMD-CBC, 2019 WL 539037, at *3 (D. Nev. Feb. 11, 2019) ("[T]he Court finds that as the holder of the DOT . . . [the holder] has standing to challenge the HOA Sale and to contend that the DOT has not been extinguished.").

**D. SFR's Remaining Claims**

SFR seeks summary judgment on its quiet title claim against Borrowers on the basis that "it obtained title of the unit's owners without equity or right of redemption" by purchasing the Property. (SFR's MSJ 21:5–11). Because the Court holds that the sale remains intact and given SFR's evidence of its interest in the Property relative to that of Borrowers', SFR's Motion against Borrowers is granted to the extent Borrowers assert any adverse interest in the Property.[4] *See Bank of Am., N.A. v. Falcon Point Ass'n*, No. 2:16-cv-00814-GMN-CWH, 2018 WL 4682317, at *8 (D. Nev. Sept. 28, 2018); *Deutsche Bank Nat'l Tr. Co. v. Foothills at S. Highlands Homeowners Ass'n*, No. 2:16-cv-00245-GMN-PAL, 2018 WL 3613984, at *5 (D. Nev. July 27, 2018).

---

[4] As Borrowers have not appeared in this action, SFR has moved for clerk's entry of default, (ECF Nos. 55, 56), which the clerk of court subsequently entered, (ECF No. 57).

As to SFR's request for an injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

### E. Plaintiff's Remaining Claims for Breach of NRS 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff primarily seeks an "order declaring that SFR purchased the property subject to [Plaintiff's] senior deed of trust." (*See* Compl. 14:18–19). The other relief requested—with the exception of injunctive relief—is phrased in the alternative. (*See id.* 14:20–24). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second and third causes of action for breach of NRS 116.1113 and wrongful foreclosure, respectively.

With regard to Plaintiff's request for an injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 58), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 59), is **GRANTED in part** and **DENIED in part**. SFR's Motion, with respect to its quiet title claim against Borrowers is **GRANTED**. SFR's Motion is **DENIED** with respect to its quiet title claim against Plaintiff, and **DENIED as moot** with respect to its claim for injunctive relief.

**IT IS FURTHER ORDERED** that HOA's Motion for Summary Judgment, (ECF No. 60), is **GRANTED in part** and **DENIED in part**. HOA's Motion is **GRANTED** as to

Plaintiff's claims for breach of NRS 116.1113 and wrongful foreclosure. HOA's Motion is **DENIED** as to Plaintiff's quiet title claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Authority, (ECF No. 75), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within twenty-one (21) days of this Order's issuance identifying any remaining non-moot claims and how the parties intend to proceed.

**DATED** this __29__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court